UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ABRAHAM NAPOLES,

    Plaintiff,

v.                                         Case No.:

UNIVERSITY OF MIAMI, d/b/a
UNIVERSITY OF MIAMI HEALTH SYSTEM,
and NCO FINANCIAL SYSTEMS, INC.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ABRAHAM NAPOLES [hereinafter "Plaintiff"], alleges violation(s) of the Florida Consumer Collection Practices Act and pursuant to Florida Statutes § 559.55 et seq. [hereinafter "FCCPA"] versus NCO FINANCIAL SYSTEMS, INC., [hereinafter "NCO"] and UNIVERSITY OF MIAMI d/b/a UNIVERSITY OF MIAMI HEALTH SYSTEM, DADE COUNTY, FLORIDA, [hereinafter "UM"] for deceptive and illegal debt collection practices. Plaintiff, ABRAHAM NAPOLES, further alleges violations of the Fair Debt Collection Practices Act pursuant to 15 USC 1692 et seq. against NCO.

1.    Unlike the F.D.C.P.A., the Florida Consumer Collection Practices Act is not restricted solely to third party debt collectors. While the Act does not define the term "person," it mandates that "no person" shall engage in certain practices in collecting consumer claims whether licensed by the division or not. This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims. Williams v. Streeps Music Co., 333 So. 2d 65, 67 (Fla. 4th DCA 1976).

## LEGAL STANDARD

2.     The characterization of the FDCPA as a strict liability statute is generally accepted. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010). Pursuant to Florida Statute 559.55(2), ("FCCPA"), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

### Trial By Jury

3.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all counts stated within and any issues so triable.

### Jurisdiction and Venue

4.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

5.     This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

6.     Venue is proper in this because the alleged acts and transactions complained of occurred here, Plaintiff resides here, and the Defendant transacts and/or conduct business here, and Defendant illegally attempted to collect a debt from Plaintiff within this venue.

**Parties**

7.  Plaintiff is a natural person who currently resides in Miami, Florida.

8.  Plaintiff is a "consumer" as defined by the FCCPA. See Fla. Stat. § 559.55(2), and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.  Plaintiff originally received medical care and treatment as a result of a compensable workers compensation accident while employed by Darden Restaurants as a maintenance worker.  More specifically, on that date, Plaintiff suffered burns to both legs and feet and was rushed to the hospital for treatment.  Plaintiff specifically told Defendant UM that this was a work related injury and should be billed through his employers workers compensation carrier, Liberty Mutual Insurance.  There is no doubt that Defendant UM has actual knowledge that this is a workers compensation injury because the most recent dunning letter that they mailed to Plaintiff on January 13, 2013 specifically states that it is a "workers compensation" claim.  (Please see Exhibit A)   The workers compensation claim was immediately accepted as compensable by the workers compensation carrier.  Specifically, Adjuster Steve Marton who may be reached at 800-282-6218 filed a response advising that all burn care was authorized and causally related to Plaintiff's workers compensation claim.  Mr. Marton also authorized subsequent visits to UM which Plaintiff attended.  All medical care and treatment that Plaintiff received and is currently being dunned for was for his workers compensation claim.  Plaintiff has disputed these bills with UM via his PFB's, so UM was then under a duty pursuant to 559.72 (6) to disclose to all third parties that Plaintiff disputed this debt.  Upon information and belief, and therefore alleged, Plaintiff complied with the law and imparted knowledge of the dispute to NCO.  UM then began acting in concert with NCO in an attempt to collect debts for which Plaintiff bears no legal responsibility for.  NCO then began dunning Plaintiff via letter dated

October 22, 2012 (See Exhibit B) for a bill that Plaintiff does not bear any legal responsibility for. Both letters referenced above are "communications" as contemplated by the FDCPA and the FCCPA.

10. All Defendants are "debt collectors" as contemplated by the Florida Consumer Collection Practices Act as the FCCPA applies to original creditors who are attempting to collect their own debts. Therefore, Defendant UM is a "debt collector" for purposes of the Florida Consumer Collection Practices Act. See Craig v. Park Fin. Of Broward County, Inc., 390 F.Supp.2nd 1150, 1154 MD Fla 2005). NCO is a "debt collector" per the FDCPA. Both Defendants have illegally communicated with Plaintiff and attempted to collect a debt that Plaintiff does not owe.

11. As a result of all Defendant actions violating provisions of the FCCPA the Plaintiff incurred substantial damage, including but not limited financial damage. See Fla. Stat. § 559.72(9) and the FDCPA pursuant to 15 USC 1692 et seq as more fully setout below.

## Factual Allegations

12. Pursuant to Chapter 440 et seq., it is illegal to bill injured employees for authorized care that is received as a result of a worker's compensation accident. The FDCPA is a strict liability statute (480 F3d 493 (7th Cir.2007), and as a result, a debt collector is responsible under many provisions of the FDCPA for a deviation from the FDCPA's requirements without regard to intent or knowledge or the willingness of the violation. As noted in the FCCPA, "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

13. Due to Defendant's poor account resources and deficient billing practices, apparently Plaintiff was charged an invalid and improper amount on an account that Plaintiff was not legally liable for.

## COUNT 1 AS TO UM
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT 555.72(9)

Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid. See Fla. Stat. § 559.72(9) (2011) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

14. Defendant has actual knowledge that Plaintiff's medical treatment was as a result of a compensable workers compensation accident. Because the Plaintiff's medical treatment was due to a compensable workers compensation claim, Defendant is restricted as a matter of law to collecting from the workers compensation carrier.

15. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

        a. Actual damages;
        b. Statutory damages pursuant to Fla. Stat. 559.72(2);
        c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);
        d. Such other and further relief as the Court may deem to be just and proper.

e. Plaintiff respectfully demands trial by jury in this action.

### COUNT 1 AS TO NCO
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing act and omission of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

18. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

    a. Damages; and
    b. Attorneys' fees and costs.

### COUNT 2 AS TO NCO
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

21. Defendants attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

   a. Damages; and
   b. Attorneys' fees and costs.

### COUNT 3 AS TO NCO
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

24. The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

   a. Damages; and
   b. Attorneys' fees and costs.

### COUNT 4 AS TO NCO
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### 555.72(9)

Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid. See Fla. Stat. § 559.72(9) (2011) (stating that it is unlawful for a debt

collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

25. Defendant has actual knowledge that Plaintiff's medical treatment was as a result of a compensable workers compensation accident. Because the Plaintiff's medical treatment was due to a compensable workers compensation claim, Defendant is restricted as a matter of law to collecting from the workers compensation carrier.

26. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

      a. Damages; and
      b. Statutory damages pursuant to Fla. Stat. 559.72(2);
      c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);
      d. Such other and further relief as the Court may deem to be just and proper.
      e. Plaintiff respectfully demands trial by jury in this action.

### Relief Requested

WHEREFORE, based on the above stated in this complaint Plaintiff has been the subject of Defendant's abusive and unfair practices in their debt collection activity was in violation of the FCCPA and the FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff on all counts and requested forms of relief and against all Defendants.

Dated: February 26, 2013                    Respectfully Submitted,

<div style="margin-left: 40%;">
s/ J. Dennis Card, Jr.  
J. Dennis Card, Jr., Esq.  
Email: Dcard@archerbay.com  
Florida Bar No.: 0487473  
Archer Bay, P.A.  
2501 Hollywood Blvd., Suite 100  
Hollywood, Florida 33020  
Telephone: (727) 822-8696  
Facsimile: (866) 984-5239  
Attorney for Plaintiff
</div>



**UHealth**
UNIVERSITY OF MIAMI HEALTH SYSTEM

página 1 de 6

January 13, 2013

Estado de cuenta de:
ABRAHAM NAPOLES

**Número de garante:** 1437164

**Hablamos Español**
Para asistencia en Español, por favor llame al
305-243-2900 de Lunes a Viernes 8am – 7pm

INFORMACIÓN DEL GARANTE:
ABRAHAM NAPOLES
PO BOX 557091
MIAMI, FL 33255-7091

Compañía de seguros facturadas:
JM WORKERS COMPENSATION

## Resumen de cuenta

| | | |
|---|---|---|
| Total de cargos en su última factura | $ | 1,492.00 |
| Nuevos cargos | + | 0.00 |
| Pagado por el seguro u otros ajustes | - | 0.00 |
| Lo que usted ha pagado | - | 0.00 |
| Saldo actual de cuenta | $ | 1,492.00 |

## * Mensaje Importante

Gracias por elegir a UHealth para satisfacer sus necesidades médicas. Tenga en cuenta que hemos enviado por correo declaraciones anteriores de saldos vencidos, pero no hemos recibido el pago. Por favor realice el pago en un plazo de (10) días para evitar que su cuenta sea referida a una agencia de cobros.

**Convenientes formas de pago**


Pague en línea a través de nuestra página web:
MyUHealthBill.com


Pago por correo
Utilice el talón de pago adjunto


Pago por teléfono
English / Español
305-243-2900
Lunes - Viernes
8 am - 7 pm

**Llámenos**

Usted puede pagar su cuenta con cheque o tarjeta de crédito utilizando el talón de pago adjunto. Los pagos son aplicados a los últimos cargos. Si desea asignar su pago a un cargo en específico visite www.MyUHealthBill.com o llame a nuestro centro de atención al cliente al 305-243-2900 ó al número gratuito 1-800-563-1055.

 **Pautas para recibir asistencia financiera –**
por favor remítase a la última página

---

Desprenda y envíe con el pago. Por favor haga su cheque pagadero a University of Miami Health System.    554577 (PC2)

Pagar en línea en www.MyUHealthBill.com


Return Mail Processing Center
PO Box 3475
Toledo, OH 43607-0475



RETURN SERVICE REQUESTED

 VISA    MASTERCARD    AMERICAN EXPRESS    DISCOVER

Nombre del paciente: ABRAHAM NAPOLES
Número de garante:  1437164

Saldo actual de cuenta                               1,492.00

Cantidad pagada

☐ Nueva dirección o cambios en su seguro?
Marque aquí y actualice en el dorso.

Para pagos con tarjeta de crédito, complete ►
la información al dorso del documento.


101370 0303

ABRAHAM NAPOLES
PO BOX 557091
MIAMI, FL 33255-7091

UNIVERSITY OF MIAMI HEALTH SYSTEM
PO BOX 741199
ATLANTA, GA 30374-1199



0202328830014371649990113201300001492000132320136



**UHealth**
UNIVERSITY OF MIAMI HEALTH SYSTEM

página 3 de 6

Estado de cuenta de:

ABRAHAM NAPOLES

Número de garante:     1437164

**\* Mensaje Importante \***

Gracias por elegir a UHealth para satisfacer sus necesidades médicas. Tenga en cuenta que hemos enviado por correo declaraciones anteriores de saldos vencidos, pero no hemos recibido el pago. Por favor realice el pago en un plazo de (10) días para evitar que su cuenta sea referida a una agencia de cobros.

## Cargos Detallados

| Fecha de servicio | Departamento/Descripción | Saldo del último estado de cuenta | Cargos Anteriores | Nuevos cargos | Pagado por el seguro u otros ajustes | Lo que usted ha pagado | lo que usted del ahora |
|---|---|---|---|---|---|---|---|
| **Servicios Profesionales** | | | | | | | |
| | JACKSON MAIN MEMORIAL HOSPITAL | | | | | | |
| | Visita # 4915688 | 185.00 | | | | | |
| 02/15/2012 | Proveedor: CASTILLO-ACOSTA, ROSA P. | | | | | | |
| | DUPLEX EXTREM VENOUS,BILAT | | 185.00 | | | | 185. |
| | Aviso Final | | | | | | |
| | Visita # 4920081 | 1,307.00 | | | | | |
| 02/16/2012 | Proveedor: PIZANO, LOUIS R. | | | | | | |
| | SUBSEQUENT HOSPITAL CARE,LEVL III | | 260.00 | | | | |
| | SUBSEQUENT HOSPITAL CARE,LEVL III | | 260.00 | | | | |
| | SUBSEQUENT HOSPITAL CARE,LEVL III | | 260.00 | | | | |
| | SUBSEQUENT HOSPITAL CARE,LEVL II | | 267.00 | | | | |
| | SUBSEQUENT HOSPITAL CARE,LEVL III | | 260.00 | | | | 1,307. |
| | Aviso Final | | | | | | |
| **Subtotales** | | 1,492.00 | 1,492.00 | 0.00 | 0.00 | 0.00 | 1,492.0 |

3542-UHEALTHSTM-1571005-1360169820-P; 6984862-1-1303; 32954481-3; 3



EXHIBIT A

```
...........        NCO GROUP                                  ☒005/005
```

Primrose Suite Q
ngfield, MO 65804

NCO FINANCIAL SYSTEMS, INC.

OCT 22 2012

PHONE: 800-375-5592

OFFICE HOURS:
MON & TUE: 8:00AM - 8:00PM CT
WED, THUR, FRI: 8:00AM - 5:00PM CT

60701977      GDS   5024
KAPLAN & MILLER
STEVEN MILLER
999 PONCE DE LEON BLVD
CORAL GABLES, FL 33134

Re: ABRAHAM NAPOLES
Creditor: UNIVERSITY OF MIAMI MEDICAL GROUP
Account #:           3206
Balance: $180.00
Our Account #: 60701977
DOS: 03/16/12

Dear STEVEN MILLER:

We request a status report on the case for the above-referenced account. Specifically, please advise on the following:

* Is this case still active with your office?
* What is the anticipated date of settlement?
* If a 3rd party is liable, such as worker's compensation, automobile insurance, etc., please provide the name of the insurance company, address, phone number, and claim number.

You may contact us at the address or phone number listed above.

Thank you in advance for your cooperation.

Sincerely,

NCO Financial Systems, Inc.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Calls to or from this company may be monitored or recorded for quality assurance.

NCO Financial Systems, Inc.
2135 E Primrose Suite Q
Springfield, MO 65804

5024

EXHIBIT B